682 So.2d 691 (1996)
Arnold I. MILLER, D.O., et al., Appellants,
v.
Michael S. ROBERTS, M.D., Appellee.
No. 95-1351.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
Ronald M. Schirtzer and John R. Hamilton of Foley & Lardner, Orlando, for Appellants.
Michael R. Levin and Suzanne M. Barto of Rumberger, Kirk & Caldwell, P.A., Orlando, for Appellee.
PETERSON, Chief Judge.
This appeal involves a dispute among three physicians and whether the trial court properly denied Drs. Miller and Otoya's Motion to Compel Arbitration pursuant to the terms of the parties' integrated agreements, to-wit: an individual employment agreement, a shareholder restriction agreement, and a stock purchase agreement. We affirm.
Appellee Michael S. Roberts, and co-appellant Arnold I. Miller, founded a professional association in 1989 and later admitted co-appellant Jorge Otoya as an associate. Around 1994, the parties signed the integrated agreements and became equal shareholders. The agreements were effective January 1, 1994, although the original founders did not execute the agreements until October 19, 1994. On December 9, 1994, Dr. Roberts' employment in the professional association was terminated.
Dr. Roberts sued his former co-shareholders alleging in five separate counts, actions for declaratory relief, breach of contract, breach of fiduciary duty, fraud and conspiracy. The complaint included allegations that Drs. Miller and Otoya, despite Dr. Roberts' long relationship with them, planned and *692 connived to terminate him without cause several weeks before he signed the integrated agreements.
Drs. Miller and Otoya moved to compel arbitration pursuant to a clause contained in the integrated agreements. The court granted the motion as to the actions for declaratory relief and breach of contract but denied it as to the remaining counts on the basis that these claims were independent of the terms of the integrated contracts.
The general rule is that where an arbitration agreement exists between the parties, arbitration is required only of those controversies or disputes which the parties have agreed to submit to arbitration. Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978); Painewebber, Inc. v. Hess, 497 So.2d 1323 (Fla. 3d DCA 1986) (upheld previous ruling that contracts providing for arbitration will be carefully construed so as not to force a party to submit to arbitration a question he did not intend to be so submitted); All American Semiconductor, Inc. v. Unisys Corp., 637 So.2d 59 (Fla. 3d DCA 1994) (although arbitration clauses are generally favored, the clause must refer to the subject matter being contested); Florida Department of Insurance v. World Re, Inc., 615 So. 2d 267 (Fla. 5th DCA 1993) (in determining whether dispute must be submitted to arbitration, scope of arbitration provision governs).
In the instant case, each of the agreements contained the following:
Arbitration. In the event of disputes between the parties with respect to the terms of the Agreement, such disputes shall be resolved through an arbitration proceeding....
The clause specifically provides for arbitration only with respect to the terms of the parties' agreement. It does not provide for arbitration for allegedly tortious conduct of appellants. Further, the resolution of the last three counts of the complaint sounding in tort does not require any interpretation of the integrated agreements. Florida Department of Insurance v. World Re, Inc., 615 So.2d 267, 270 (Fla. 5th DCA 1993). Accordingly, we affirm the trial court's order denying the motion to compel arbitration as to the counts alleging fraud, conspiracy and breach of fiduciary duty.
AFFIRMED and REMANDED.
DAUKSCH and COBB, JJ., concur.