739 So.2d 1255 (1999)
Peter K. GROSSEIBL, Appellant,
v.
J. CHRIS HOWARD BUILDERS, INC. etc., et al., Appellees.
No. 99-149.
District Court of Appeal of Florida, Fifth District.
August 20, 1999.
Patrick M. Magill, Orlando, for Appellant.
Charles Evans Davis, Orlando, for Appellees.
W. SHARP, J.
Grosseibl appeals from an order staying his lawsuit against J. Chris Howard Builders, Inc. and Johnny Christopher Howard pending arbitration. On appeal, Grosseibl argues that the issues raised in his lawsuit are not subject to arbitration. We agree and reverse.
In 1997, Grosseibl signed a contract for the purchase of a new home to be built by J. Chris Howard Builders. The property once had a swimming pool on it. The pool was removed prior to the construction of *1256 the home but Grosseibl alleged he was never told about this.
In 1998, Grosseibl filed a three-count complaint against the builder and its president Johnny Christopher Howard. In the first count, Grosseibl sought damages for breach of contract. In the second count, he sought recission of the contract. In the third count, he sought damages against the defendants for fraudulent statements allegedly made regarding the property. The court below stayed the lawsuit, based on an arbitration provision in the warranty provided with the home.
The Florida Arbitration Code provides that arbitration agreements are valid, irrevocable and enforceable. § 682.02, Fla. Stat. Arbitration is required for those controversies or disputes the parties have agreed to submit to arbitration. Miller v. Roberts, 682 So.2d 691 (Fla. 5th DCA 1996). In determining whether a dispute must be submitted to arbitration, the scope of the arbitration provision governs. See Florida Dept. of Ins. v. World Re, Inc., 615 So.2d 267 (Fla. 5th DCA 1993) (citing federal case law).
In this case, the builder provided a home warranty from the Preferred Builders Warranty Corporation. The warranty contains a provision for arbitration:

Any dispute (as to claims, coverage, responsibility or settlement amounts) between the homeowner, builder or PBW arising out of or related to this warranty shall be submitted to arbitration before the American Arbitration Association pursuant to its rules. The party (homeowner, builder, or PBW) requesting dispute settlement through the arbitration process must submit the item(s) of dispute in writing to PBW within 90 days of receiving PBW's claim decision if arbitration is requested for claims, coverage, or responsibility, or within 90 days of receiving PBW's settlement offer and release if arbitration is requested for settlement amounts. PBW will file the demand for dispute settlement with the American Arbitration Association in the applicable jurisdiction. The cost of arbitration before the American Arbitration Association shall be paid by PBW ... (emphasis supplied)
This paragraph also provides:
The dispute settlement process provided herein shall be a condition precedent to the commencement of any litigation by any party to compel compliance with the warranty documents or to seek relief for any dispute arising out of this warranty, (emphasis supplied)
In this case, Grosseibl never made a warranty claim and never followed the procedures for filing a claim. In count one of his complaint, Grosseibl alleged that the builder breached the contract for sale and purchase by providing a house that was not built to satisfactory building standards. Grosseibl also claimed that the house was built on improper and insufficient soil and was built with numerous construction defects and substandard performance and materials.
However, the warranty specifically provides that it does not warrant that the home has been built in compliance with federal, state or local building standards or codes.[1] The warranty also states that it does not provide coverage for defects in swimming pools, failure of the builder to construct the home in conformance with construction plans and/specifications and certain defects caused by soil problems.[2]
Finally, the warranty provides that it is independent of the contract for sale and purchase:

*1257 IndependenceThis warranty is independent of the contract between the homeowner and the builder for the construction of the home and/or its sale. Contract disputes which are not disputes as covered under this warranty are not eligible for dispute settlement hereunder. (emphasis added)
In counts two and three, Grosseibl sought recission of the contract and damages for fraudulent representations made by the defendants in the "Seller's Disclosure and Latent Defects Statement." This statement is designed to assist a buyer in evaluating the property being purchased and requires disclosure of the seller's knowledge of the property's condition and any latent defects. In that document, the defendants stated they had no knowledge of any fill or expansive soil on the property, no knowledge of any violation of any law or regulation and no knowledge of any information that may materially and adversely affect the value or desirability of the property. Grosseibl alleged these were false material representations.
There is nothing in the warranty which indicates that it applies to tortious conduct by the builder. Thus Grosseibl's fraud and recission counts are not subject to the arbitration provision of the warranty. See Miller v. Roberts, 682 So.2d 691 (Fla. 5th DCA 1996) (arbitration provisions of agreements among physicians which required arbitration "with respect to the terms of the agreement" did not compel arbitration of tort claims alleging breach of fiduciary duty, fraud, and conspiracy); Florida Department of Insurance v. World Re, Inc., 615 So.2d 267 (Fla. 5th DCA 1993) (contract provision limiting arbitration to differences of opinion arising from an interpretation of a contract did not include disputes relating to claims of fraudulent inducement, civil theft, RICO violations and conspiracy where none of these issues required an interpretation of the contract).
The defendants argue that claims of fraud generally will not defeat an arbitration provision, citing Ronbeck Construction Co., Inc. v. Savanna Club Corporation, 592 So.2d 344 (Fla. 4th DCA 1992); Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla.1982). However, these cases involve arbitration provisions in the parties' contracts which covered all of their disputes. In contrast, the arbitration provision at issue in this case is placed in a separate warranty agreement and the warranty does not cover any of the disputes or claims alleged in Grosseibl's complaint. Thus the arbitration provision in the warranty does not require that these disputes and claims be arbitrated. See Insignia Homes, Inc. v. Hinden, 675 So.2d 673 (Fla. 4th DCA 1996) (homeowner's slander of title claim against contractor for filing a lien against the property was not subject to the arbitration provision of the construction contract where claims of liens by contractors were specifically excluded from the arbitration provision).
REVERSED AND REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] This certificate does not warrant that the home has been built in compliance with federal, state, or local building standards or codes.
[2] PBW shall not provide coverage for:

A.2. Property not an actual part of the home or property which does not contribute to the home's habitability or function including but not limited to patios, sidewalks, walkways, driveways, swimming pools, covered screen enclosures, planter boxes, mail boxes, decorative items and recreational facilities;
* * *
B.4. Changes of grading of the site by anyone other than the builder originally building the home or their employees, agents, or subcontractors;
* * *
B.6 Failure of the builder to construct the home in conformance with construction plans and/or specifications.
* * *
C.2 Deficiency or defect caused by soil movement for which compensation is provided by state legislation or which is covered by other insurance; or any deficiency as described herein which is a result of insufficient or change in adequate load bearing capacity of the soil, sub soils or surfaces, or sub surfaces. A major structural defect as defined herein which is a result of insufficient or change in adequate load bearing capacity of the soil, sub soils or surfaces, or sub surfaces is covered under the terms and conditions of this warranty.