W. SHARP, J.
Coggin Automotive Corporation d/b/a Coggin Osteen Honda (hereinafter Coggin) appeals from the trial court’s order denying its request to compel arbitration in a lawsuit filed by Reed. We have jurisdiction.[1] We affirm.
In this case, Reed purchased a Honda from Coggin and signed a “Buyer’s Order.” It contained the following provision regarding arbitration:
10. Any controversy or claim arising out of or relating to this agreement, or the purchase, sale, or servicing of the subject vehicle, wherein the amount in controversy is alleged to be in excess of Ten Thousand and No/100 Dollars, ($10,-000.00), shall be determined by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ...
Reed purchased the Honda by trading in a car and financing the remaining amount owed ($10,543.56) through W.F.S. Financial, Inc.[2] Reed applied for a disability policy from Union Fidelity Life Insurance Company in connection with the purchase, and named W.F.S. Financial, Inc., as a creditor/beneficiary and his estate as the second beneficiary.
Reed alleged that as he was completing the insurance application, he advised Cog-gin that he had diabetes and high blood pressure during the last five years. According to Reed, Coggin advised he was still eligible for coverage under Union Fidelity’s policy. Based on that statement, Reed alleged he signed the application, although the application contained a certification he had not been treated for high blood pressure or diabetes vrithin the last five years. It also provided no person has the authority to waive or alter the certification.
The disability policy contains a provision regarding legal actions:
LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this certificate prior to the expiration of 60 days after written proof of loss has been furnished in accordance with this certificate. No action shall be brought after the expiration of 5 years from the time written proof is required to be furnished.
*746 Subsequently Reed became disabled and made a claim under the Union Fidelity policy. Union Fidelity denied coverage because Reed had failed to disclose on his application that he suffered from diabetes and high blood pressure.
Reed sued Union Fidelity for breach of the disability insurance contract and Cog-gin for fraud in inducing him to purchase the policy. Coggin moved to stay the suit and to compel arbitration, pursuant to the Buyer’s Order quoted above.
The Florida Arbitration Code provides that arbitration agreements are valid, irrevocable and enforceable. § 682.02, Fla. Stat. (1999). However, arbitration is required only for disputes which the parties have agreed to submit to arbitration. Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999); Grosseibl v. J. Chris Howard Builders, Inc., 739 So.2d 1255 (Fla. 5th DCA 1999); Miller v. Roberts, 682 So.2d 691 (Fla. 5th DCA 1996). In such cases, the intent of the parties is the determining factor.
Here the Buyer’s Order addressed the purchase of the vehicle and issues arising out of its sale and servicing. The insurance policy involves only disability insurance. The parties to both contracts are different: Reed and Union Fidelity; Reed and Coggin. The insurance policy also provided that if Coggin required credit disability insurance, Reed had the option to assign any policies he had to Coggin, and that he was not required to purchase the insurance through Coggin. Thus the purchase of insurance through Union Fidelity was not a condition of the purchase of the car. Further there is evidence in the record that Reed signed the financing documents and agreed to purchase credit disability insurance after first executing the Buyer’s Order. Although signed at time intervals close to one another, the two contracts are separate and distinct.
This lawsuit involves Union Fidelity’s denial of disability insurance benefits to Reed, and implicates Coggin to the extent Coggin employees were acting as agents for Union Fidelity. Reed’s further allegation against Coggin that its agents fraudulently induced him to enter into the insurance contract, also is unrelated to the Buyer’s Order. Thus we agree with the trial court that Reed’s causes of action in this lawsuit and the damages resulting therefrom are not matters or issues which arise out of the contract to purchase the car and therefore are not subject to the arbitration provision of the contract.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.

. Fla. R.App. P. 9.130(a)(3)(C)(v).

. It is unclear whether W.F.S. Financial, Inc. is another Coggin corporation or whether Coggin merely acted as an agent to secure financing for ils customers. In his complaint, Reed alleged that he financed the vehicle "through” Coggin.