PER CURIAM.
JPG Enterprises, Inc. (“JPG”), timely appeals a non-final order denying its motion to compel arbitration. Because the parties did not agree to arbitrate the claims in the plaintiffs complaint, we affirm.
In March 2004, Donna Evans signed a contract for the purchase of a home to be built by JPG on property owned by Evans. Ultimately, Evans sued JPG, asserting a claim for breach of contract and a claim under Florida’s Deceptive and Unfair Trade Practices Act. In her claim for breach of contract, Evans alleged that JPG failed to build the house according to the terms and specifications of the contract and cited numerous alleged failures in the construction of the home. JPG moved to compel arbitration pursuant to a warranty provided with the house. The trial court denied JPG’s motion.
We find the legal analysis set forth in Grosseibl v. J. Chris Howard Builders, Inc., 739 So.2d 1255 (Fla. 5th DCA 1999), to be applicable to this case. In Grosseibl, the Fifth District held that a home purchaser’s claims against the builder were not covered by an arbitration provision in the warranty agreement where the provision addressed only claims “arising out of or relating to” the warranty and where the warranty expressly excluded coverage for the issues addressed by the plaintiffs complaint. In this case, the warranty would not cover all of the failures in construction alleged in the plaintiffs complaint. Moreover, just as in Grosseibl, the arbitration provision at issue here is placed in a warranty agreement that is independent from the contract for purchase and sale, and the arbitration provision applies only to disputes arising out of or related to the warranty. Thus, the trial court correctly denied the motion to compel arbitration.

Affirmed.

STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.