# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2023-2978
LT Case No. 2022-CA-000290-A

———————————————————

WILLIAM J. OSBORNE and
AMANDA L. OSBORNE,

      Appellants,

      v.

DREES HOMES OF FLORIDA, INC.,

      Appellee.

———————————————————

On appeal from the Circuit Court for St. Johns County.
Kenneth James Janesk, II, Judge.

Joshua E. Burnett, Carlos M. Alvarez and Mackenzie F. Rocha, of
Burnett Law P.A., Tampa, for Appellants.

Barry B. Ansbacher and Michael C. Feinberg, of Ansbacher Law,
Jacksonville, for Appellee.

October 25, 2024

KILBANE, J.

      William J. Osborne and Amanda L. Osborne ("the Osbornes")
timely appeal a nonfinal order of the trial court granting Drees
Homes of Florida, Inc. ("Drees"), a home builder, motion to compel
arbitration.  In granting Drees's motion to compel arbitration, the
trial court found, inter alia, that the Osbornes' claims were within
the scope of Drees's limited warranty.  We reverse.

## Facts

In December 2012, Drees deeded a built home ("the Home") to the original buyers via a warranty deed. The parties entered into a purchase and sale agreement ("Drees PSA"), which explained that Drees would warrant the Home in accordance with its limited warranty and guide to new home booklet ("the Limited Warranty"). The Drees PSA contained an arbitration agreement.

The Limited Warranty contained a separate arbitration agreement. It provided in relevant part:

> IF HOMEOWNER COMPLAINS OF ANY MATTER REGARDING A DEFECT, PROBLEM OR DIFFICULTY OF ANY KIND RELATING TO THE HOME WITHIN THE COVERAGE OF THIS LIMITED WARRANTY, THEN ALL SUCH DISPUTES SHALL BE RESOLVED BY DISPUTE RESOLUTION PURSUANT TO THE ARBITRATION OF DISPUTES PROVISION CONTAINED IN THE DREES PURCHASE AND SALE AGREEMENT.

The Limited Warranty was broken down into one-year and two-year coverage provisions and a ten-year structural coverage provision. The ten-year structural coverage only applied to major structural defects. For an issue to qualify as a major structural defect, all the following conditions had to be met:

a. Actual physical damage to one or more of the load-bearing segments of the home;

b. Causing the failure of the major structural components;

c. Which affects its load-bearing function to the degree that it materially affects the physical safety of the occupants of the home.

The Limited Warranty gave examples of non-load-bearing elements deemed not to have major structural defect potential and were thus excluded from the ten-year structural coverage. Such elements included brick, stucco, other masonry veneer, roof

2

sheathing, appliances, fixtures or other equipment, doors, trim, insulation, paint, and stains. However, stucco, paint, and windows were all mentioned as being covered under the one-year coverage provision. In a section titled "Transferrable Warranty," the Limited Warranty was "automatically transferable to all subsequent homeowners who acquire title within the warranty periods specified."

In 2016, roughly four years after the Limited Warranty took effect, the Osbornes purchased the Home from the original buyers. As part of the purchase, the Osbornes entered into a purchase and sale agreement with the original buyers. The agreement stated, "[a]ll assignable repair and treatment contracts and warranties are deemed assigned by SELLER to BUYER at closing unless otherwise stated herein."

In April 2021, pursuant to the requirements of section 558.004, Florida Statutes (2020), the Osbornes sent Drees a notice of claim regarding faulty stucco. After rejecting Drees's repair terms, the Osbornes filed suit. The operative complaint[1] alleged four counts: (1) a statutory action under section 553.84, Florida Statutes, for violating the Florida Building Code due to improperly installed stucco; (2) negligence relating to stucco; (3) negligence relating to paint; and (4) negligence relating to window installation.

Drees filed a motion to compel arbitration arguing, inter alia, that an arbitrable issue existed and the Limited Warranty required the Osbornes' claims to be submitted to arbitration. After a hearing, the trial court agreed based on the arbitration provisions in the Drees PSA and Limited Warranty. The court determined that the arbitration agreement in the Limited Warranty was not limited to claims arising from the warranty, but rather applied to all claims relating to the Home.

---

[1] At the hearing on Drees' motion to compel, the parties agreed that the second amended complaint was the operative complaint. The trial court noted this stipulation in the order granting the motion to compel arbitration.

## Analysis

"Appellate review of whether a trial court erred in denying a motion to compel arbitration presents 'a mixed question of law and fact.' 'Orders denying motions for arbitration are reviewed de novo, except that factual findings are reviewed for support by competent, substantial evidence.'" *Palm Garden of Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638 (Fla. 5th DCA 2017) (citations omitted) (first quoting *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1023 (Fla. 4th DCA 2005); and then quoting *Fi–Evergreen Woods, LLC v. Est. of Vrastil*, 118 So. 3d 859, 862 (Fla. 5th DCA 2013)). "[B]ecause arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

"[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Id.* (citing *Terminix Int'l Co. L.P. v. Ponzio*, 693 So. 2d 104, 106 (Fla. 5th DCA 1997)). "The general rule is that where an arbitration agreement exists between the parties, arbitration is required only of those controversies or disputes which the parties have agreed to submit to arbitration." *Fla. Power Corp. v. City of Casselberry*, 793 So. 2d 1174, 1178 (Fla. 5th DCA 2001) (quoting *Miller v. Roberts*, 682 So. 2d 691, 692 (Fla. 5th DCA 1996)). "[T]he question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability' is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Mercedes Homes, Inc. v. Colon*, 966 So. 2d 10, 14 (Fla. 5th DCA 2007) (second alteration in original) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). To determine whether a dispute must be submitted to arbitration, the scope of the arbitration provision governs. *Fla. Dep't of Ins. v. World Re, Inc.*, 615 So. 2d 267, 269 (Fla. 5th DCA 1993). The scope of an arbitration clause is a pure matter of contract interpretation, and the determination of whether an arbitrable issue exists requires the court to examine the plain language of the arbitration agreement. *MacDougald Fam. Ltd.*

*P'ship, LLP v. Rays Baseball Club, LLC*, 371 So. 3d 988, 991 (Fla. 2d DCA 2023). "Although any doubts regarding the scope of an arbitration clause should be resolved in favor of arbitration, where the contract provision is not doubtful, arbitration should not be ordered." *Id.* (quoting *Ocwen Fed. Bank FSB v. LVWD, Ltd.*, 766 So. 2d 248, 249 (Fla. 4th DCA 2000)).

Here, the Osbornes are subsequent purchasers of the Home. They entered into a purchase and sale agreement with the original buyers wherein they accepted all assignable warranties. The Limited Warranty by its terms was transferable "to all subsequent homeowners who acquire title *within the warranty periods specified*." (emphasis added). Because the Osbornes purchased the Home four years after the original buyers, they were only assigned the ten-year structural coverage of the Limited Warranty, which was the sole remaining warranty the original buyers had to assign because no other warranty periods were active at the time of the assignment. *See generally Price v. RLI Ins. Co.*, 914 So. 2d 1010, 1013 (Fla. 5th DCA 2005) ("Generally, contract rights can be assigned unless they involve obligations of a personal nature, or there is some public policy against the assignment, or an assignment is specifically prohibited by the contract."); *Lauren Kyle Holdings, Inc. v. Heath-Peterson Constr. Corp.*, 864 So. 2d 55, 58 (Fla. 5th DCA 2003) (explaining "[a]n assignment is a transfer of all the interests and rights to the thing assigned" and "[t]he assignee thereafter stands in the shoes of the assignor"); *Alderman Interior Sys., Inc. v. First Nat'l-Heller Factors, Inc.*, 376 So. 2d 22, 24 (Fla. 2d DCA 1979) ("Under Florida law, an assignment gives the assignee no greater rights . . . than those held by the assignor." (citing *Fla. E. Coast Ry. Co. v. Eno*, 128 So. 622 (Fla. 1930))).

Under the Limited Warranty's arbitration agreement, the parties agreed to arbitrate "any matter regarding a defect, problem or difficulty of any kind relating to the home *within the coverage of this Limited Warranty*." (emphasis added). Although the language "of any kind relating to the home" is broad, it is limited by the subsequent language "within the coverage of this Limited Warranty." *See MacDougald*, 371 So. 3d at 991 ("The latter language is determinative here, rendering the arbitration provision narrow in scope."). As such, only claims within the

5

coverage provisions of the Limited Warranty would be subject to arbitration. However, no coverage provision is at issue here.

The Osbornes' complaint alleged four claims: a statutory claim regarding building codes and stucco and three negligence claims citing issues with stucco, paint, and windows respectively. None of these claims alleged that any major structural components or load bearing functions had been affected, and the identified elements are otherwise excluded from the Limited Warranty's ten-year structural coverage. Furthermore, the one-year coverage provisions for stucco, paint, and windows expired prior to the Osbornes acquiring title to the property. Faced with similar facts, our sister court explained:

> Upon review, we conclude that each of [plaintiff's] claims were either excluded by the Limited Warranty or outside the one-year period of coverage. Further, none of her claims constituted a "Major Structural Defect" as defined by the Warranty . . . . Thus, based on the Warranty provisions, [plaintiff's] claims are outside the scope of the Warranty's arbitration clause.

*Royal Prof'l Builders, Inc. v. Roggin*, 853 So. 2d 520, 523 (Fla. 4th DCA 2003). We find this reasoning persuasive.[2] Thus, the

---

[2] Additionally, *Oakmont Custom Homes, LLC v. Billings*, 310 So. 3d 59 (Fla. 4th DCA 2021), is instructive. In *Oakmont*, the original homeowner transferred all warranties to the subsequent purchaser, but the purchase contract did not reference the builder's limited warranty or building agreement. *Id.* at 59–60. The Fourth District Court concluded that the subsequent purchaser could not be compelled to arbitrate because "nothing in [the subsequent purchaser's] contract [with the original homeowner] indicated that by accepting transfer of all warranties she agreed to be bound by the building agreement and to arbitrate any non-warranty claim against the builder, and she is not seeking to enforce the third-party contract." *Id.* at 60 (citing *Hymowitz v. Delcrest Bldg. Corp.*, 770 So. 2d 1271 (Fla. 4th DCA 2000); *Temple Emanu-El of Greater Fort Lauderdale v. Tremarco Indus., Inc.*, 705 So. 2d 983 (Fla. 4th DCA 1998)). Similarly, here, the Osbornes could not be compelled to arbitrate pursuant to the Drees PSA

Osbornes' claims are outside the scope of the Limited Warranty's arbitration provision.[3]

## Conclusion

Because the Osbornes' claims are not within the scope of the Limited Warranty's arbitration provision and the Osbornes have not otherwise agreed to arbitrate their claims, we reverse the order compelling arbitration and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

LAMBERT and JAY, JJ., concur.

---

because it was not triggered under the Limited Warranty and their claims do not seek to enforce it or depend on anything contained in it. *See id.*; *see also Seifert*, 750 So. 2d at 638 ("[T]he determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.").

[3] We distinguish *Pulte Home Corp. v. Bay at Cypress Creek Homeowners' Ass'n, Inc.*, 118 So. 3d 957, 958 (Fla. 2d DCA 2013), because the Limited Warranty's arbitration agreement did not encompass the Osbornes' statutory claim.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____