# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1487
LT Case No. 2023-CA-006952
_____

URBAN AIR JACKSONVILLE, LLC,

    Appellant,

    v.

JOHN HINTON,

    Appellee.

_____

Nonfinal appeal from the Circuit Court for Duval County.
Michael Scott Sharrit, Judge.

Lissette Gonzalez, of Cole, Scott & Kissane P.A., Miami, for
Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellee.

July 11, 2025

HARRIS, J.

    Urban Air Jacksonville, LLC ("Urban Air") appeals the trial
court's Order Denying Motion to Stay and Compel Arbitration.
Urban Air argues that the trial court erred in finding that Appellee
John Hinton's claim does not bear a significant relationship to the
arbitration clause and in refusing to compel the parties to
arbitration. Agreeing that the trial court erred in denying Urban

Air's motion to compel arbitration, we reverse the court's order and remand for entry of an order compelling arbitration.

In March 2023, Hinton filed a complaint against Urban Air, a trampoline and adventure park, alleging that while visiting Urban Air's premises, he slipped and fell on a liquid substance in the restroom. He alleged that Urban Air negligently maintained the floors on the property and failed to warn him of the dangerous condition.

Urban Air subsequently moved to stay the litigation and to compel arbitration alleging that, prior to participating in any activities on its premises, Hinton acknowledged and accepted the terms of the Customer Release, Assumption of Risk, Waiver of Liability, and Indemnification Agreement ("Agreement"), which included an arbitration clause for any dispute between the parties. Urban Air attached the Agreement to its motion, which provides, in relevant part:

> **READ THIS FORM COMPLETELY AND CAREFULLY. YOU ARE AGREEING TO LET YOUR MINOR CHILD ENGAGE IN A POTENTIALLY DANGEROUS ACTIVITY. YOU ARE AGREEING THAT, EVEN IF URBAN AIR (AS DEFINED HEREIN) USES REASONABLE CARE IN PROVIDING THIS ACTIVITY, THERE IS A CHANCE YOUR CHILD MAY BE SERIOUSLY INJURED OR KILLED BY PARTICIPATING IN THIS ACTIVITY BECAUSE THERE ARE CERTAIN DANGERS INHERENT IN THE ACTIVITY WHICH CANNOT BE AVOIDED OR ELIMINATED. BY SIGNING THIS FORM, YOU ARE GIVING UP YOUR CHILD'S RIGHT AND YOUR RIGHT TO RECOVER FROM URBAN AIR IN A LAWSUIT FOR ANY PERSONAL INJURY . . .**

. . . . Collectively and severally, Adult Participant and Child Participant, their heirs, successors, and assigns are hereinafter referred to as the Participant. . . .

1. Nature of the Activities. Urban Air is a trampoline and adventure park, which offers Participants the opportunity to participate actively or passively, in trampoline and adventure park related activities, including, but not limited to, jumping, dodgeball, volleyball, tumbling, foam pit jumping, aerobics, skydiving, ninja warrior course, battle beam, laser tag, soft play, ropes course, climbing wall, roller coaster/sky rider, go carts, laser tag, bowling, spin zone, bumper cars, cyber sports, mini golf, arcades, exercising and other miscellaneous trampoline and adventure activities, use of any equipment or attractions, instruction, training, classes, observation, use of the locker room area, use of the dining area, use of any portion of the Premises, including, but not limited to the associated sidewalks and parking lots, and any competition, event, or program sponsored by or affiliated with the Protected Parties as signed below in Section 5 of this Agreement, (collectively, "Activities"),

. . . .

7. Dispute Resolution.

A. Arbitration. **ANY DISPUTE OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, BREACH THEREOF, THE PREMISES, ACTIVITIES, PROPERTY DAMAGE (REAL OR PERSONAL), PERSONAL INJURY (INCLUDING DEATH), OR THE SCOPE, ARBITRABILITY, OR VALIDITY OF THIS**

3

**ARBITRATION AGREEMENT (DISPUTE) SHALL BE BROUGHT BY THE PARTIES IN THEIR INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE CAPACITY, AND SETTLED BY BINDING ARBITRATION BEFORE A SINGLE ARBITRATOR ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION (AAA)**

At the hearing on Urban Air's motion, Hinton argued that the Agreement did not specifically cover a slip and fall in the bathroom. Hinton asserted that because the Agreement was broadly written, there must be a nexus between the activity being governed and the arbitration clause and that there was no way he could have known what rights he was contracting away. Urban Air agreed that paragraph one of the Agreement is broadly written and argued that it covers use of any portion of the premises, including the bathroom.

Following the hearing, the trial court entered its order denying Urban Air's motion to stay and compel arbitration. The court found that Hinton entered into the Agreement in his capacity as a participant and on behalf of his child-participant "relative to passive and active participation in activities that carry recognizable inherent risk." The court further found that Hinton's injury "did not arise out of the contractual relationship, but instead, was merely incidental to it." This appeal followed.

"[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999*)* (citing *Terminix Int'l Co. L.P. v. Ponzio*, 693 So. 2d 104, 106 (Fla. 5th DCA 1997)). The sole issue in this appeal is whether an arbitrable issue exists.

"The general rule is that where an arbitration agreement exists between the parties, arbitration is required only of those

4

controversies or disputes which the parties have agreed to submit to arbitration." *Fla. Power Corp. v. City of Casselberry*, 793 So. 2d 1174, 1178 (Fla. 5th DCA 2001) (quoting *Miller v. Roberts*, 682 So. 2d 691, 692 (Fla. 5th DCA 1996)). "[T]he question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability' is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Mercedes Homes, Inc. v. Colon*, 966 So. 2d 10, 14 (Fla. 5th DCA 2007) (second alteration in original) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

To determine whether a dispute must be submitted to arbitration, the scope of the arbitration provision governs. *Fla. Dep't of Ins. v. World Re, Inc.*, 615 So. 2d 267, 269 (Fla. 5th DCA 1993). The scope of an arbitration clause is a pure matter of contract interpretation, and the determination of whether an arbitrable issue exists requires the court to examine the plain language of the arbitration agreement. *MacDougald Fam. Ltd. P'ship, LLP v. Rays Baseball Club, LLC*, 371 So. 3d 988, 991 (Fla. 2d DCA 2023).

We first examine the scope of the arbitration clause in Urban Air's agreement. There are two types of arbitration provisions—narrow and broad. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013). A narrow provision requires arbitration for claims "arising out of" the subject contract. *Id*. Thus, arbitration is required where the claims have a direct relationship to the contract's terms. *Id*. Broad arbitration provisions on the other hand require that the claims arise out of or *relate* to the subject contract. *Id*. The claims, whether founded in tort or contract law, must have a significant relationship to the contract. *Id*.

In *Seifert*, a wife and husband purchased a home and after moving in, the husband died inside the home due to the inhalation of carbon monoxide. 750 So. 2d at 635. The husband's death occurred because an air conditioner located in the garage area captured carbon monoxide emissions from a running car engine in the garage and transmitted the toxic emissions into the home. *Id*. The wife filed a wrongful death action against the sellers of the home for strict liability, negligence, and breach of express and implied warranties. *Id*. The sellers moved to compel arbitration as

to the negligence claims, asserting that the claims were within the scope of the arbitration provision of the purchase contract. *Id*.

The Florida Supreme Court disagreed with the sellers and held that the negligence claims did not have a significant relationship to the contract because they were unrelated to unique legal duties imposed under the contract. *Id*. at 641. The court noted the total absence of any mention of rights regarding personal injury or negligence actions in the contract and concluded that the absence of such language meant that the parties did not intend for the arbitration provision to apply to the negligence claims. *Id*.

Here, the trial court determined that Hinton's negligence claim of failure to maintain the premises in a reasonably safe manner did not bear a significant relationship to the Agreement. The court concluded that Hinton's injury did not arise out of the contractual relationship but was merely incidental to it. The court, citing to *Jackson*, stated that a claim that pertains to a breach of duty otherwise imposed by general common law does not have a nexus to a contract.

We find that the trial court erred in determining that Hinton's claims do not have a significant relationship to the Agreement. Indeed, as Urban Air points out (and Hinton does not dispute), in order for Hinton to participate in the activities and gain access to the facility, Hinton was required to sign the Agreement. While it is true that use of the bathroom does not involve many of the activities listed in the Agreement (i.e., foam pit jumping, aerobics, skydiving, battle beam, etc.), the Agreement also listed use of the locker room area, dining area, sidewalks, parking lots, or any other "portion of the premises," under "Nature of the Activities." The Agreement signifies Urban Air's intention that any claim, including personal injury, resulting from use of any portion of the premises be subject to arbitration.

Unlike in *Seifert*, there is not a total absence of any mention of rights regarding personal injury or negligence actions in the Agreement. In fact, the Agreement applies to Hinton whether participating "actively or passively" and even included injuries from "slipping, falling, or tripping." *See Jackson*, 108 So. 3d at 593 ("The intent of the parties to a contract, as manifested in the plain language of the arbitration provision and contract itself,

6

determines whether a dispute is subject to arbitration."). Thus, there is a significant relationship between Hinton's claims and the Agreement, which expressly requires claims of personal injury alleged to have been sustained on any portion of the premises to be subjected to arbitration.

Therefore, the arbitration clause unambiguously requires claims of personal injury alleged to have been sustained on Urban Air's premises to be subjected to arbitration. *See Lennar Homes, LLC v. Wilkinsky*, 353 So. 3d 654, 655 (Fla. 4th DCA 2023) (holding arbitration clause unambiguously required claims of personal injury alleged to have been sustained "in the community" to be subjected to arbitration and plaintiff's claim that he was injured in the community was subjected to arbitration). Accordingly, the trial court erred in denying Urban Air's motion to compel arbitration. We reverse the trial court's order and remand for entry of an order compelling arbitration.

REVERSED and REMANDED with instructions.

JAY, C.J., and LAMBERT, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____